UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Wiley E. Bridgeman,
    Plaintiff

vs

Southern Ohio Correctional Institution,
et. al.,
    Defendants

Case No. C-1-07-895
(Beckwith, J.; Hogan, M. J.)

## REPORT AND RECOMMENDATION
### and
## ORDER TO SHOW CAUSE

This matter is before the Court on Plaintiff's Motion for Default Judgment and Summary Judgment (Doc. 14).

Plaintiff initiated this action with the filing of a complaint on December 7, 2007. (Doc. 7). On January 14, 2008, Plaintiff was granted leave to proceed *in forma pauperis* and the United States Marshal was ordered to serve a copy of the complaint and summons upon Defendant Copas as directed by Plaintiff. (Docs. 9, 11). On January 15, 2008, service upon Defendant Copas was attempted but the complaint and summons were returned unexecuted.[1] (Docs. 11, 12).

The procedure governing the entry of default and default judgment is set forth in Fed. R. Civ. P. 55, which provides in pertinent part:

    a)    Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Fed. R. Civ. P. 55(a).

Because Defendant Copas has not yet been served, Defendant is not in default and default judgment is not appropriate. *See* Fed. R. Civ. P. 55(a); *Sandoval v. Bluegrass Regional Mental*

---

[1] Because Plaintiff failed to provide the first name of Defendant and there are more than one corrections officer with the surname "Copas," service upon Defendant could not be perfected. (*See* Doc. 12).

*Health-Mental Retardation Board*, No. 99-5018, 2000 WL 1257040 at * 5 (6th Cir. July 11, 2000); *Dekoven v. Avengelical Press*, No. 4:98-CV-43, 1999 WL 34794967 at *4 (W.D. Mich. May 12, 1999).

More importantly, it appears that Plaintiff has failed to serve a summons and copy of the complaint on Defendant. Proper service of process is required in order for this Court to obtain in personam jurisdiction over each defendant. *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). Plaintiff bears the burden of exercising due diligence in perfecting service of process and of showing that proper service has been made. *Habib v. General Motors Corp.*, 15 F.3d 72, 74-5 (6th Cir. 1994). *See also Byrd v. Stone*, 94 F.3d 217 (6th Cir. 1996). In the absence of a showing of good cause justifying the failure to timely serve the complaint, the Court may either dismiss the complaint without prejudice or direct that service of process be effected within a specified time. *See* Fed. R. Civ. P. 4(m). Rule 4(m) provides, in pertinent part, as follows:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Accordingly, Plaintiff is hereby notified that the Court proposes to dismiss this action against Defendant without prejudice. *U.S. v. Gluklick*, 801 F.2d 834, 836-37 (6th Cir. 1986).

Therefore, Plaintiff is **ORDERED** to show cause, in writing, within twenty (20) days why the Complaint should not be dismissed against Defendant Copas for failure of service.

**IT IS FURTHER RECOMMENDED THAT** Plaintiff's Motion for Default Judgment (Doc. 14) be DENIED.

Date: 5/1/08

Timothy S. Hogan
United States Magistrate Judge

2

NOTICE TO THE PARTIES REGARDING THE FILING
OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

J:\SMITHLE\prisoner1983\Bridgeman.default.wpd

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by ( Printed Name )   C. Date of Delivery |
| 1. Article Addressed to:<br>Wiley E Bridgeman<br>143-810<br>SOCF<br>PO Box 45699<br>Lucasville, OH 45699 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
|  | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7007 1490 0001 0562 6769 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-01-M-2509

1:07cv 895 Doc.16