UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Wiley Bridgeman,
    Plaintiff

    vs

Correctional Officer Copas,
    Defendant

Case No. 1:07-cv-895

**REPORT AND RECOMMENDATION**
(Beckwith, J.; Hogan, M.J.)

This matter is before the Court on Defendant's First Motion for Summary Judgment (Doc. 48). To date, Plaintiff has filed no memorandum in response to Defendant's motion[1].

## BACKGROUND

Plaintiff is an inmate incarcerated within the Ohio Department of Rehabilitation and Correction ("ODRC") and at the time of the alleged incident was housed at the Southern Ohio Correctional Facility. ("SOCF"). On December 7, 2007, Plaintiff filed a Complaint with this Court alleging an excessive use of force arising out of an incident that occurred on August 4, 2007 at SOCF. (Doc. 7). Specifically, Plaintiff alleges he was experiencing "audio illusions and paranoia beliefs of water contamination" and sought a cell change. Plaintiff complains that he was refused a cell move and, after pill call on August 4, 2007, he refused to "lock up" until his cell was changed or he was put in segregation. Plaintiff alleges that Defendant Copas violated his Eighth Amendment rights by using excessive force while attempting to restrain Plaintiff.

Plaintiff failed to file an informal complaint or grievance/appeal to the Chief Inspector's Office regarding the allegations of excessive use of force. (Susan Evans Affidavit ¶8, attached as Exhibit A).

## OPINION

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989).

---

[1] On two occasions, Plaintiff was ordered to show cause why summary judgment should not be granted in favor of Defendant. (*See* Docs. 52, 60). Defendant has failed to comply with the Court's orders.

Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust his available administrative remedies. *See Porter v. Nussle,* 534 U.S. 516, 532 (2002). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *Id.* at 520. Furthermore, the exhaustion requirement applies to claims of excessive force, *Porter,* 534 U.S. 516 (2002); *Freeman v. Francis*, 196 F.3d 641 (6th Cir. 1999), and where plaintiff seeks only monetary relief. *See Booth v. Churner*, 121 S.Ct. 1819 (2001); *Wyatt v. Leonard*, 193 F.3d 876 (6th Cir. 1999). Proper exhaustion requires that prisoners complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 217-18 (2007); *Woodford v. Ngo,* 548 U.S. 81, 90 (2006).

The administrative grievance procedure for Ohio inmates is set forth in Ohio Admin. Code § 5120-9-31. Inmates should first attempt to resolve their grievances informally by contacting the responsible staff member in person or in writing. If the matter is not resolved, inmates may file a formal grievance with the inspector of institutional services who shall investigate the grievance. Ohio Admin. Code § 5120-9-31(F). The inspector of institutional services must maintain a written record of his investigations as well as his conclusions and recommendations or actions on the grievance. Ohio Admin. Code § 5120-9-31(H)(4). If a

grievance is not resolved by the institutional inspector within fifteen working days, inmates are entitled to file their grievance directly with the chief inspector of the Ohio Department of Rehabilitation and Correction (ODRC). Ohio Admin. Code § 5120-9-31(H)(5). If inmates are dissatisfied with the resolution of their grievance by the institutional inspector, they may appeal in writing to the chief inspector upon a form provided for that purpose within five working days. Ohio Admin. Code § 5120-9-31(H)(8). The chief inspector shall notify inmates of the decision on appeal within twenty days. *Id.*

Defendant argues that Plaintiff failed to file an informal complaint, grievance or appeal to the Chief Inspector's Office with respect to his excessive force claim. (*See* Doc. 48, Ex. A, Affidavit of Susan Evans at ¶ 8). For this reason, Defendant argues that Plaintiff has failed to exhaust his administrative remedies. In failing to file a memorandum in opposition to Defendant's motion, Plaintiff has failed to rebut Defendant's argument. Accordingly, we find that Plaintiff has failed to exhaust his administrative remedies with respect to his excessive use of force claim and Defendant Copas is entitled to summary judgment.

## IT IS THEREFORE RECOMMENDED THAT

1) Defendant's Motion for Summary Judgment (Doc. 48) be GRANTED;

2) Plaintiff's Amended Complaint be DISMISSED and this case be TERMINATED upon the Court's docket.

3) The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date 9/14/09

Timothy S. Hogan
United States Magistrate Judge

3

## NOTICE TO THE PARTIES REGARDING THE FILING
## OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

J:\LES\prisoner1983\Bridgeman\msj.wpd

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name) — C. Date of Delivery |
| 1. Article Addressed to:<br><br>Wiley Bridgeman<br>A-143-810<br>SOCF<br>PO Box 45699<br>Lucasville, OH 45699 | D. Is delivery address different from item 1? ☐ Yes ☐ No<br>If YES, enter delivery address below:<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 3150 0000 8388 4261 |

PS Form 3811, August 2001 — Domestic Return Receipt — 102595-02-M-1540

1:07cv845 (Doc. 63)